## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**PRIORITY-1, INC.**                                                                    **PLAINTIFF**

**v.**                                           **Case No.  4:21-cv-2 KGB**

**KITCHEN & BATH MASTERS, INC.**                                          **DEFENDANT**

### ORDER

Before the Court is plaintiff Priority-1, Inc.'s ("Priority-1") motion for remand to state court (Dkt. No. 3).  Defendant Kitchen & Bath Masters, Inc. ("KBM") has responded to the motion and has filed an amended response to the motion (Dkt. Nos. 14, 16).  Priority-1 has replied to the response and amended response (Dkt. No. 17).  Also pending before the Court is Priority-1's first motion to compel (Dkt. No. 20).  KBM has responded to the first motion to compel (Dkt. No. 22).  For the reasons discussed below, the Court denies Priority-1's motion for remand and grants Priority-1's motion to compel (Dkt. Nos. 3; 20).

### I.      Priority-1's Motion For Remand

#### A.      Factual And Procedural History

On November 13, 2020, Priority-1 filed a lawsuit in the Circuit Court of Pulaski County, Arkansas, claiming that KBM owed Priority-1 a debt in the principal amount of $226,665.12 (Dkt. No. 2, ¶ 16).  According to the complaint, Priority-1 is a corporation organized under the laws of the State of Arkansas with its principal place of business in Little Rock, Pulaski County, Arkansas, and defendant KBM is an Illinois corporation with its principal place of business in Chicago, Illinois (*Id.*, ¶ 2).

On January 4, 2021, KBM removed the case to this Court pursuant to 28 U.S.C. § 1441(a) (Dkt. No. 1).  In its notice of removal, KBM asserts that this Court has original jurisdiction of the

case under 28 U.S.C. § 1332 because it involves diversity of citizenship and the amount in controversy exceeds $75,000.00 (*Id.*, ¶ 3).

On February 3, 2021, Priority-1 moved to remand the case to state court (Dkt. No. 3). As grounds for its motion for remand, Priority-1 asserts that KBM was served with the summons and complaint on December 4, 2020, and that KBM filed untimely its notice of removal in this Court on January 4, 2021 (*Id.*, ¶ 3). Priorty-1 also contends that KBM failed to file a notice of removal or any other pleading with the state court as required by 28 U.S.C. § 1446(d) (*Id.*, ¶ 4).

In its response to the motion for remand, KBM argues that it filed timely its notice of removal because January 3, 2021, was a Sunday and, under Federal Rule of Civil Procedure 6(a), its notice of removal was filed timely on January 4, 2021 (Dkt. No. 14, ¶ 3). KBM also argues that it was improperly served because, on the face of the certificate of service attached to Priority-1's motion for remand, the summons was not served on the registered agent or any officer of KBM and service was not made at the registered office of KBM by the Sheriff of Cook County, Illinois (*Id.*, ¶ 5). In its amended response to the motion for remand, KBM asserts that, while the docket of the Pulaski County Circuit Court did not reflect the filing, it mailed the Notice of Removal to the Clerk of the Court on January 15, 2021 (Dkt. No. 16, ¶ 7). KBM attaches correspondence from counsel for KBM to the Clerk of the Pulaski County Circuit Court dated January 15, 2021, stating "[p]lease find for filing with your Office a Notice of Removal of the above referenced matter." (*Id.*, at 5). The correspondence does not indicate that opposing counsel was copied on it.

Priority-1 replied to KBM's amended response and points out that KBM did not file a motion under Rule 12 of the Federal Rules of Civil Procedure challenging service and that the Pulaski County Circuit Court docket does not evidence that KBM filed a notice or removal with

the Clerk (Dkt. No. 17, ¶ 3).  Priority-1 further argues that, because counsel's letter to the Clerk of the Pulaski County Circuit Court was dated January 15, 2021, eleven days after the Notice of Removal was filed with this Court, the removal was untimely (*Id.*, 6).

On April 19, 2021, a notice of removal was filed in Pulaski County Circuit Court Case No. 60CV-20-6514.  *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *Priority-1, Inc. v. Kitchen & Bath Masters, Inc. d/b/a KBM*, 60CV-20-6514, Notice of Removal (April 19, 2020).  The Pulaski County Circuit Court did not take any action between the time that Priority-1 filed its complaint and the time that KBM filed its' notice of removal.  *Id.*

### B.    Analysis

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446, which provides that a defendant must file a notice of removal with the district court of the United States "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  A defendant shall "[p]romptly after the filing of such notice of removal . . . give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Priority-1 claims that the Court should remand the case to state court because KBM's notice of removal was untimely.  According to Priority-1, it served KBM with the complaint on December 4, 2020 (Dkt. No. 3, ¶ 2).  Under 28 U.S.C. § 1446(b)(1), KBM had 30 days from December 4, 2020, to file its notice of removal.  KBM filed its notice of removal 31 days later on January 4, 2021, however, the last day that KBM could have filed its notice of removal fell on a Sunday.  Under Federal Rule of Civil Procedure 6(a)(1)(C), when the last day of the period "is a

Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).  Accordingly, the Court finds that KBM's notice of removal was not untimely, and the Court denies Priority-1's motion to remand on this ground.

Priority-1 also argues that the Court should remand the case because KBM did not give notice of removal to the Clerk of the Pulaski County Circuit Court.  Whether KBM was prompt in filing the notice of removal with the state court, however, does not affect this Court's subject-matter jurisdiction because failure to notice the state court is a procedural defect.  *See Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 528 (8th Cir. 1996) ("A procedural defect in removal, such as untimeliness, does not affect the federal court's subject-matter jurisdiction"); *see also Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997); *Dukes v. S.C. Ins. Co.,* 770 F.2d 545, 547 (5th Cir. 1985); *Macklin v. Flexi USA, Inc.*, Case No. 4:07CV746 SNL, 2007 WL 2360130, at *1 (E.D. Mo. Aug. 14, 2007); *Hunter v. Canadian Pac. Ry. Ltd.*, Case No. CIV 07-3314 RHK/AJB, 2007 WL 4118936, at *1 (D. Minn. Nov. 16, 2007); *Runnigen v. Quigley*, Case No. CIV.04-612(RHK/RLE), 2004 WL 1406231, at *1 (D. Minn. June 23, 2004) (citing 14C Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* 3d § 3736 (other citations omitted)).  The 30 day deadline set forth by § 1446 is the deadline for filing the notice of removal with the federal court; § 1446(d) does not require that a notice be filed with the state court within 30 days from the time defendant is aware the case is removable.  *Macklin*, 2007 WL 2360130, at *1.  Under the circumstances of this case, the Court determines that the defendant "promptly" filed the notice of removal with the state court, and the Court denies Priority-1's motion to remand on this ground.  *See e.g. Bohanna v. Hartford Life & Acc. Ins. Co.*, 848 F. Supp.

4

2d 1009, 1013-1014 (W.D. Mo. 2012) (finding that 67 day lapse between the filing of the notice of removal in the federal court and the filing of the notice of removal in the state court did not warrant remand, noting that no significant action was taken in state court during the delay that would prejudice the plaintiff).

 "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005)).  In removing this action, KBM invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 (Dkt. No. 1, ¶¶ 3-4).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *In re Prempro Prod. Liab. Litig.*, 591 F.3d at 619–20 (citing 28 U.S.C. § 1332(a)).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

Because KBM removed this case to federal court, it bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).  The Court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

In their notice of removal, defendants allege that diversity of citizenship exists between Priority-1 and KBM under 28 U.S.C. § 1332. (Dkt. No. 1, ¶ 3).  Specifically, KBM notes that

Priority-1's principal place of business is Little Rock, Arkansas, and KBM is domiciled in Illinois (*Id*., ¶ 3). Additionally, KBM alleges that the amount in controversy exceeds $75,000.00, because Priority-1 alleges in the complaint that KBM owes it the principal amount of $226,665.12 (*Id*., ¶ 4 (citing Dkt. No. 2, ¶ 16)).

In their motion for remand, Priority-1 does not challenge these allegations. Thus, the Court finds that KBM has established, by a preponderance of the evidence, complete diversity and an amount in controversy exceeding $75,000.00, and that this Court has jurisdiction.

In defending the motion for remand, KBM raised the issue of whether Priority-1 properly served it with a summons and complaint. The Court does not read KBM's response to the motion for remand to be a motion to dismiss for lack of service under the Federal Rules of Civil Procedure, but rather it assumes that KBM is arguing in response to the motion for remand that it is unclear on what date the 30 day clock started running under 28 U.S.C. § 1446(b)(1) for it to file a notice of removal. If KBM intended to file a motion to dismiss under the Federal Rules of Civil Procedure, it must do so in a separate filing, but the Court observes that KBM answered the complaint and did not challenge service. Accordingly, for these reasons, the Court will not address here whether Priority-1 served properly KBM.

For these reasons, the Court denies Priority-1's motion for remand to state court (Dkt. No. 3).

## II.     Priority-1's First Motion To Compel

Also before the Court is Priority-1's first motion to compel (Dkt. No. 20). In the motion, Priority-1 states that under the joint Rule 26(f) report the parties were to exchange mandatory disclosures under Federal Rule of Civil Procedure 26(a) on May 4, 2021, a deadline which the

6

parties agreed to extend to May 11, 2021 (*Id*., ¶ 2).  Priority-1 served its disclosures on May 11, 2021, and it supplemented its disclosures with a document production on May 17, 2021 (*Id*.). KBM served its disclosures on May 26, 2021, and counsel for KBM made assurances in an email transmitting the disclosure that the accompanying documents were in the process of being scanned and that he was told they would be "ready today." (*Id*., ¶ 3 (citing to 20-1, at 2).  KBM stated in its disclosures that it was "in the process of compiling all correspondence between its employees and employees or agents of the plaintiff regarding the ordering of shipping services and the billings related thereto.  The documents will be provided electronically once they are substantially complete." (*Id*., ¶ 4).  Priority-1 asserts that, as of the date that it filed its motion to compel, it had not received an initial disclosure of documents from KBM.  Priority-1's counsel states that he attempted to confer with counsel for KBM in good faith about the discovery dispute but that counsel for KBM has not responded to his emails or voicemail messages (*Id*., ¶¶ 4-5).  Priority-1 seeks an order granting its motion to compel (*Id*., at 2).

KBM responds that it "tendered its Rule 26(a) disclosures to Plaintiff" when it disclosed that "[t]he documents will be provided electronically once they are substantially complete." (Dkt. No. 22, ¶ 1).  Counsel for KBM asserts that KBM has provided him with "1,500 pages worth of email correspondence between the Parties relating to the categories as referenced in the disclosure" but "each of those pages is a single file in approximately 30 zipped folders that need to be opened separately and placed into a different drive." (*Id*., ¶ 2).  Counsel for KBM describes the task as "monumental." (*Id*.).  KBM asserts that it complied with Federal Rule of Civil Procedure 26(a) by describing the documents sufficiently; that, consequently, Priority-1's motion to compel is improper; and that the Court need not enter an order (*Id*., ¶ 3).

7

Federal Rule of Civil Procedure 26(a) provides that a party must provide to other parties "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." KBM asserts that, by describing the documents, it has complied with Rule 26(a) and that the motion to compel is unnecessary.

In the Court's view, however, KBM promised in its initial disclosures to provide promptly a copy of the documents it identified.  At the time that Priority-1 filed its motion to compel, it had waited more than two months for documents that counsel for KBM promised would be forthcoming.  At the time KBM filed its response to the motion to compel, nearly three months had passed since KBM filed its initial disclosures, and KBM did not represent in its response that it had turned copies of the documents over to Priority-1.  For these reasons, the Court grants Priority-1's first motion to compel production of the documents referenced in KBM's initial disclosures.  KBM shall provide Priority-1 with the documents identified in its initial disclosures within 14 days of the date of this Order.

**III.    Conclusion**

For these reasons, the Court denies Priority-1's motion for remand to state court and grants Priority-1's motion to compel (Dkt. Nos. 3; 20).

It is so ordered this 24th day of September, 2021.

Kristine G. Baker
United States District Judge